IDA JOHNSON

*v.*

MICHAEL C. MCDONALD *et al.*

*Opinion filed April 16, 1902.*

APPEALS AND ERRORS—*freehold not involved in proceeding to cancel certificate of sale as a cloud.* A freehold is not involved, so as to permit a direct appeal to the Supreme Court, in a proceeding to set aside a certificate of sale as a cloud on title, since the certificate does not convey or purport to convey title.

APPEAL from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

BANCROFT & ADAMS, for appellant.

EDWARD MAHER, for appellee M. C. McDonald.

Per CURIAM: A motion has been made in this case to dismiss the appeal for want of jurisdiction in this court, upon the ground that no freehold is involved. The motion, the decision of which was reserved to the hearing, must be allowed.

The bill was filed on September 11, 1901, by the appellee, Michael C. McDonald, against the appellant, Ida Johnson, and the appellee, Ernest J. Magerstadt, for the purpose of removing a cloud upon the title of McDonald to four certain lots. The bill alleges that the complainant is in possession of the premises. It also alleges that, on April 5, 1901, an execution was issued from the superior court of Cook county on a judgment, rendered at the April term, 1901, of said court in favor of C. W. Hinckley and J. O. Hinckley, executors, etc., against one Edwin Walker; that thereafter the sheriff of Cook county levied said execution on the lots in question, alleged to be owned by the complainant in the bill, and sold the same on May 7, 1901, at public sale to the appellant, Ida Johnson, for $4800.00; and that a certificate of sale therefor was issued to the appellant and was recorded on May 10, 1901. The certificate of sale, thus issued to appellant, is the alleged cloud upon the title, which is sought to be removed.

This court has held that a freehold is not involved in a proceeding to remove a certificate of sale as a cloud upon title, upon the ground that such certificate does not convey title, nor purport to convey title. Upon its face it only states the amount of the bid at the sale, and when the holder will be entitled to a deed, if the premises are not redeemed. (*Kronenberger* v. *Heinemann*, 190 Ill. 17; *Gage* v. *Busse*, 94 id. 590; *Wilkinson* v. *Gage*, 133 id. 137; *Galbraith* v. *Plasters*, 101 id. 444; *Hutchinson* v. *Howe*, 100 id. 11.) In *Gage* v. *Busse*, *supra*, which was a suit in

chancery to cancel certain tax certificates of sale, and where, as was the case here, the court below granted the relief sought by the bill, it was held that no freehold was involved, although the time for redemption had elapsed at the time the bill was filed. In the case at bar, the time of redemption had not elapsed at the time the bill was filed.

An order will be entered dismissing the appeal, with leave to the appellant to withdraw her record, abstract and briefs, and to the appellees to withdraw their briefs.

*Appeal dismissed.*