## THE FIRST NATIONAL BANK OF DENVER

*v.*

## JOHN T. GIBSON.

*Opinion filed April 17, 1906.*

APPEALS AND ERRORS—*freehold is not involved in a proceeding to set aside a certificate of sale*. A freehold is not involved, so as to permit a direct appeal to the Supreme Court, in a proceeding to set aside an execution, and the sale and certificate of sale based thereon, and to require the sheriff to release the levy of another execution, return the same and refrain from issuing other executions on the judgment.

WRIT OF ERROR to the Circuit Court of Tazewell county; the Hon. T. N. GREEN, Judge, presiding.

On February 5, 1901, the plaintiff obtained a judgment in assumpsit in the circuit court of Tazewell county for the sum of $15,545.62 upon four promissory notes signed by the defendant. On November 30, 1903, the defendant was adjudged a bankrupt by the United States District Court. The judgment of plaintiff was duly shown on the schedules attached to the defendant's bankruptcy petition. The plaintiff filed a claim on said judgment and resisted the application for the discharge. The discharge was granted June 1, 1904, and the plaintiff appealed to the Circuit Court of Appeals, where the action of the lower court was affirmed. After the defendant was adjudged a bankrupt his wife died testate, without children, the owner of considerable real property which she had inherited and purchased before her marriage. The defendant renounced the will, and in the circuit court of Tazewell county certain lands in McLean county were set off in partition to him. On December 13, 1904, the plaintiff caused an execution to be issued to the sheriff of McLean county, and it was levied upon the real estate of the defendant. On January 14, 1905, the land was sold for $7500 and

a certificate of purchase issued to the plaintiff. On January 19, 1905, the plaintiff caused execution to be issued to the sheriff of Tazewell county, and on January 21, 1905, it was levied on certain real estate in that county which it is claimed did not belong to the defendant. The defendant then filed his petition in the circuit court of Tazewell county asking that the execution to the sheriff of McLean county, and the sale thereunder, be set aside; that the sheriff of Tazewell county release the levy made on January 21, 1905, and return the execution upon which the same was made; that the clerk of the circuit court of Tazewell county, and his successors, be ordered to issue no other execution on said judgment; and that the plaintiff be forever restrained from having any further executions issued on said judgment. The plaintiff answered the petition and the defendant demurred to the answer. The demurrer was sustained, and, the plaintiff electing to stand by its answer, an order was entered granting the relief asked in defendant's petition. To reverse this judgment a writ of error has been prosecuted to this court.

JUDSON STARR, for plaintiff in error.

W. I. SLEMMONS, and WELTY, STERLING & WHITMORE, for defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The plaintiff in error claims that the judgment should be reversed for the following reasons:

(1) "That under the National Bankruptcy act of 1898, as amended in 1903, the liability which arises from the making of false pretenses and false representations, not in writing, in obtaining property, is properly a matter for the determination of the State court after a discharge in bankruptcy, whenever the discharge in bankruptcy is properly pleaded to prevent the enforcement of the debt which grew out of the false representations and pretenses, and that it

would be inequitable to grant equitable relief where false representations are the basis of it.

(2) "That the bankrupt must himself be the active party and proceed in apt time to have a judgment of record canceled of record, and the debt is not to be treated as one paid in fact, nor the judgment as satisfied in fact, nor the liability for the false pretenses or representations as ended, if the debt can be identified with the same.

(3) "That the lien of the judgment of the plaintiff in error in the Tazewell county circuit court was not destroyed or annulled as to the particular property in question by reason of the discharge in bankruptcy.

(4) "That as to the property sold in McLean county, the bankrupt has not pleaded his discharge in apt time and has made no offer to do equity as to that sale, and seeks to deprive the lawful holder of that property of it without due process of law.

(5) "That the bankrupt has not in apt time or properly pleaded his discharge to remove the lien of the judgment from property in Tazewell county, has denied having an interest in that property at any time, and did not make the plaintiff in error, who was a judgment creditor having a lien of record against that property, a party to his suit for partition of it, in which suit he procured the McLean county property in question to be set off to him without bringing the judgment lien to the attention of the court."

Under the foregoing state of facts, and in view of the several grounds of reversal insisted upon, we are at a loss to perceive why the appeal was directly to this court. Section 89 of chapter 110 (Hurd's Stat. 1903, p. 1412,) provides that appeals from and writs of error to the circuit courts, county courts and city courts, in all criminal cases below the grade of felony, shall be taken directly to the Appellate Court; and all criminal cases above the grade of misdemeanors, and in cases in which a franchise or freehold or the validity of a statute or construction of the constitution is

involved, and in all cases relative to revenue or in which the State is interested as a party or otherwise, shall be taken directly to the Supreme Court. Section 8 of chapter 37 (Hurd's Stat. 1903, p. 569,) provides that the Appellate Court shall exercise appellate jurisdiction only, and have jurisdiction of all matters of appeal or writs of error from the final judgments, orders or decrees of any circuit court, county court or city court in any suit or proceeding at law or in chancery, other than criminal cases not misdemeanors, and cases involving a franchise or freehold or the validity of a statute; and all appeals and writs of error shall lie from the final orders, judgments or decrees of the circuit courts and city courts direct to the Supreme Court in all criminal cases other than misdemeanors, and in cases involving a franchise or freehold or the validity of the statute. It certainly cannot be contended that any of the grounds of reversal urged in this case involve a franchise or freehold or the validity of a statute or the construction of the constitution. We have held in a great many cases that the foreclosure of a mortgage, or the sale of property under an execution or the validity of an execution in no way involves a freehold. A freehold is not involved, so as to permit a direct appeal to the Supreme Court, in a proceeding to set aside a certificate of sale as a cloud on the title, since the certificate does not convey or purport to convey the title. *Johnson* v. *McDonald,* 196 Ill. 394; *Johns* v. *Boyd,* 117 id. 339; *Blackman* v. *Preston Bros.* 119 id. 240; *Herdman* v. *Cooper,* 125 id. 359; *Cook* v. *Gilmore,* 133 id. 139; *LaFleure* v. *Seivert,* 188 id. 525; *Brownmark* v. *Livingston,* 190 id. 412.

The appeal should have been taken to the Appellate Court.                                    *Appeal dismissed.*