TURPIN H. ARNOLD *et al.*

*v.*

EDWARD E. GIFFORD.

62　249
200　3　81

1. JUDGMENT—*binding force collaterally.* A stranger to a judgment can not question its regularity collaterally. It may be erroneous and voidable,

but if the court had jurisdiction of the subject-matter and the person, its determination is conclusive until reversed by an appellate court, unless the judgment is absolutely void.

2. SAME—*impeaching for fraud.* Where the owner of an equity of redemption transferred the same to hinder and delay creditors, and afterward gave a note with a power to take judgment against him by confession, to enable a third party to levy upon and sell the land and redeem the same, and there was no consideration whatever for the note, and the holder of the note after judgment, levy, sale, and sheriff's deed for the land, filed his bill to avoid the transfer of the equity of redemption for fraud, and to redeem from the debtor's deed of the land given in the nature of a mortgage : *Held,* that as the note, which was the foundation of the judgment, was given in bad faith and without consideration, there was no debt, and consequently the judgment could form no basis in equity for the redemption.

3. REDEMPTION *by judgment creditor—fraudulent judgment.* The fact that a debtor confesses judgment in favor of a creditor for the express purpose of enabling the latter to redeem, will not invalidate the redemption, if there be no fraud in the consideration; but where judgment is confessed or procured where no debt, in fact, exists, and it is done in bad faith and fraudulently, the party seeking to redeem under such judgment, being a mere volunteer, and a party to a fraudulent plan, will receive no aid or assistance in a court of equity.

APPEAL from the Circuit Court of Grundy County.

This was a bill in chancery by Gifford, setting forth that Charles F. Washburn, being the owner of eighty acres of land in Grundy County, and indebted to C. W. & E. R. Knoblocks in about the sum of $900, conveyed the land to them as a security, taking back a bond for a reconveyance on payment of the debt ; that being indebted to Turpin H. Arnold in the sum of $500, by an arrangement between Washburn, Arnold, and the Knoblocks, Arnold paid the debt to Knoblocks, and they conveyed the land to Mary J. Arnold, wife of Turpin H. Arnold, in security for the indebtedness, and that Mary J. gave Washburn a bond for a deed to be made when the sum due her husband was paid; that Turpin H. Arnold afterward induced Washburn to deliver up to him the bond to save his property from sacrifice at the hands of creditors, agreeing to hold the same in trust for Washburn, etc.

The answer denied the surrender of the bond for deed to be held in trust, and claimed a *bona fide* purchase.

The Circuit Court decreed a redemption, from which an appeal was taken.

Mr. B. C. COOK, for the appellants.

Messrs. RANDALL & FULLER, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The equity of redemption, which existed in the judgment debtor, was disposed of by him to hinder, delay, and defraud his creditors. The proof abundantly shows that he surrendered the defeasance for this purpose.

He then, on the 24th day of January, 1865—nearly one year after the surrender of the defeasance—executed his note to one Lyon, payable in twenty days, with a power of attorney attached thereto to confess judgment. Lyon assigned the note to the appellee; and judgment by confession was rendered on the 16th day of February, 1865.

The answer set up that this judgment was not founded on any *bona fide* indebtedness, and that it was obtained by collusion between the parties, to defraud Mrs. Arnold of the land, which had been conveyed to her.

The proof is entirely satisfactory, if not conclusive, that there was no consideration whatever for the making of the note or for its assignment; and that the entire transaction was for the benefit of the grantor in the deed, which was claimed to be a mortgage.

It is true, as urged by the counsel for the appellee that a stranger to the judgment can not question its regularity, collaterally. It may be erroneous and voidable; but if the court had jurisdiction of the subject-matter and the person, its determination is conclusive, until reversed by an appellate court, unless the judgment was absolutely void.

A judgment· may be impeached for fraud; and, if found tainted with fraud, must be pronounced void.

In this case, one party bases his right to relief upon a judgment, which the other party insists is fraudulent.

The fact that a debtor confesses judgment in favor of a creditor, for the express purpose of enabling a creditor to redeem, will not invalidate, if there be no fraud in the consideration. It is the policy of the law to encourage redemptions. *Karnes* v. *Lloyd,* 52 Ill. 114.

But a very different question is presented when the note, which is the foundation of the judgment, is without any consideration, and when it is apparent that the parties acted in bad faith, and colluded to accomplish an object in violation of right and of the law.

The policy of the law, in the encouragement of·redemption, is to enable the debtor to discharge his liabilities. If there is no relation of debtor and creditor in fact, then a plan concocted to effect a redemption is a fraud. In the case of *Phillips* v. *Demoss,* 14 Ill. 410, this court said that it was the policy of the law for the debtor to confess a judgment for an honest debt; but if the judgment, under which the redemption was made, had been confessed when no debt in fact existed, the case would be widely different.

In the case at bar there was no debt, and therefore the judgment formed no· basis in equity for redemption.

From the facts presented in the record, the whole scheme was a fraud, which can receive no aid from a court of equity.

The complainant below comes before the court as a mere volunteer—as a party to a fraudulent plan, conceived and attempted to be carried out, for the purpose of forcing a redemption. He therefore has no standing in a court of equity, and can receive neither encouragement nor assistance at our hands.

The decree of the court below is reversed and the cause remanded.

*Decree reversed.*