### THAL *v.* LARMON and others.

*(Circuit Court, N. D. Illinois.    October 19, 1885.)*

EXECUTION SALE—REDEMPTION—JUDGMENT ON NOTE GIVEN FOR CLAIM BARRED
BY BANKRUPTCY PROCEEDINGS.

    A redemption from an execution sale made on a judgment obtained upon a note given in payment of a valid indebtedness that has been assigned to the judgment creditor for value, although such indebtedness has been discharged by a proceeding in bankruptcy, will not be set aside at the suit of another *bona fide* judgment creditor.

In Equity.
*Geo. W. Smith,* for complainant.
*Nelson Monroe,* for defendants.

BLODGETT, J. There is no dispute about the material facts in this case, and only a single question of law arises upon the conceded

facts. It appears that on the twenty-ninth of September, 1876, one Ivan Bauwen recovered judgment in the superior court of Cook county against Philip Larmon for the sum of $683.78 and costs. An execution was issued on this judgment and returned unsatisfied, so as to keep the lien of the judgment alive for the term of seven years, and on January 13, 1883, an execution was issued to the sheriff of Cook county, and levy made upon a tract of land in Cook county owned by the defendant Philip Larmon, or in which he had an interest. On May 7, 1883, under this execution and levy, the sheriff sold the land to Bauwen, the plaintiff in the execution, for $975. No redemption was made from this sale by Larmon, the defendant in the judgment. On May 16, 1884, a judgment was rendered in the superior court of Cook county, by confession, against Larmon, in favor of John S. Mc-Clure, for $8,636.90 and costs; and, on the same day, an execution was issued on this judgment to the sheriff of Cook county, who levied such execution on the land so sold under the Bauwen execution. Thereupon the plaintiff, McClure, paid to the sheriff the amount necessary to redeem from the Bauwen sale, and the sheriff proceeded to advertise the property for sale under the last levy, and on June 9th sold the property for the sum of $8,771.31, of which $1,055.17 was indorsed by the sheriff as the amount necessary to redeem, and the balance of the amount bid was applied upon the execution under which redemption was made. On February 21, 1878, one George C. Morton recovered judgment in the circuit court of Cook county against Larmon for $671 and costs, on which execution was duly issued and returned unsatisfied, so as to keep the lien of that judgment alive; and on May 5, 1883, the plaintiff, Samuel Thal, obtained an assignment of this judgment from Morton. On May 23, 1883, which was after the sale on the Bauwen execution, the complainant caused a levy to be made on the same land which had been sold under the Bauwen sale. The complainant filed this bill after the redemption by McClure to set such redemption aside on the ground that it was fraudulent as against him, the chief ground for the allegation of fraud being that in May, 1878, Larmon was adjudged bankrupt in this district, and was duly discharged from his debts; that among his liabilities was a decree in this court in favor of the Franklin Savings Bank, of Pawtucket, for over $6,000; that McClure obtained an assignment of this decree for $50; and that this decree was the only pretext of an indebtedness due from Larmon to McClure, and the only consideration for the note on which McClure's judgment was taken.

It may be conceded that, if judgment is entered upon a note which was wholly void and without consideration under such circumstances as that, there could be said to be no indebtedness between the judgment debtor and the plaintiff in such judgment, a redemption made under such a judgment may be set aside at the suit of a *bona fide* judgment creditor. *Martin* v. *Judd*, 60 Ill. 78; *Arnold* v. *Gifford*, 62 Ill. 249. But the note in question was based upon the

consideration of a valid indebtedness against Larmon, which had been duly assigned to McClure for value, and, although this indebtedness had been discharged by a proceeding in bankruptcy, yet it was a sufficient consideration for a new promise by Larmon to pay it. *Classen* v. *Schoenemann*, 80 Ill. 304; *St. John* v. *Stephenson*, 90 Ill. 82; *Kallenbach* v. *Dickinson*, 100 Ill. 427. McClure, as the assignee of this indebtédness, had all the rights of the original creditor, and a promise to him to pay was as valid as if made to the original creditor. The moral obligation which supports this promise is to pay the debt to whomsoever it may be payable. It seems very clear to me, therefore, that there was ample consideration to support this McClure judgment.

It is conceded that McClure purchased this old decree in the interest of Mrs. Larmon, the wife of Philip Larmon, and that the redemption was made by him as trustee for Mrs. Larmon and for her benefit. This circumstance is of itself suspicious, and might naturally suggest that the redemption was really and solely for the benefit of Philip Larmon; but the proof shows that the money to purchase the decree, and that to make the redemption, came solely from Mrs. Larmon, and none of it came from Mr. Larmon, and fully explains whatever suspicions naturally arise from the relations of the parties.

With this proof fully rebutting all presumptions or suggestions of fraud, I cannot do otherwise than hold that the judgment on which this redemption is made was valid. The law allows a debtor who has been relieved from his debts by proceedings in bankruptcy to pay such debts, and will enforce a subsequent promise to make such payment; and the bankrupt can elect whether he will pay a part or all of the debts from which he has thus been relieved, he being the sole judge as to the extent to which he will revive such indebtedness. And, in the light of this rule, I can see no reason why a bankrupt may not place one of his creditors, whose claim is barred by the discharge in bankruptcy, in a position to redeem as a judgment creditor after the expiration of the time when the assignee of the bankrupt could made redemption. The statute of this state, section 24, c. 77, gives judgment creditors a right to redeem in the order of their seniority, and at the time this redemption was made the time allowed complainant to redeem had expired, and no other judgment creditor has challenged McClure's right to redeem. The Illinois cases fully hold that a judgment may be confessed by the debtor after the expiration of his own right to redeem in order to give a creditor the right to make redemption. This complainant lay still and allowed his own right as a senior judgment creditor to lapse, and therefore it does not lie in his mouth now to insist that a later judgment creditor had no right to redeem.

The bill is dismissed for want of equity.