LEOPOLD ZEMAN, Appellant, *vs.* CHARLES W. WARD,
Appellee.

*Opinion filed October 28, 1913.*

1. REDEMPTION—*one whose claim for expenses of funeral has been allowed may redeem.* Section 27 of the act concerning judgments and decrees, which permits any creditor of a deceased debtor whose land has been sold on foreclosure to redeem from the sale, is not limited to persons who were creditors when the debtor died but includes one whose claim is for funeral expenses of the debtor, if such claim is duly probated and allowed against the estate.

2. SAME—*redemption under section 27 is not contingent upon insolvency or insufficiency of personal assets.* The right of a creditor of a deceased debtor, whose land has been sold on foreclosure, to redeem from the sale after his claim is probated and allowed, does not depend upon the insolvency of the estate or the insufficiency of personal assets; and hence the issue of the special execution provided for in section 27 of the act concerning judgments and decrees does not require a petition to the court or notice to anyone.

3. SAME—*plan by heirs to redeem from foreclosure is no fraud on holder of certificate of sale.* Heirs of a person whose land has been sold on decree of foreclosure have a right to redeem, and any legitimate plan they may make to bring about such redemption for their benefit is no fraud upon the holder of the certificate of purchase so long as he receives all that is due him, as his interest, up to the time he is entitled to demand a deed, is not an interest in the land but is merely personal property.

4. SAME—*when interest of holder of certificate of purchase is confined to the redemption money.* Where the heirs of the deceased owner of land which has been sold on foreclosure arrange with a creditor, who has a right to redeem, to redeem for their benefit, and the redemption is lawfully made, the only interest of the holder of the certificate of purchase at the foreclosure sale is in the redemption money, and he can acquire no other interest by subsequently paying to the sheriff the amount of the creditor's judgment.

APPEAL from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

D. T. ALEXANDER, and MUNSON T. CASE, for appellant.

OSCAR E. LEINEN, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This appeal is from a decree of the circuit court of Cook county dismissing a bill filed by the appellant for the purpose of having set aside a sheriff's certificate of redemption of certain premises from a sale made by a master in chancery and a sheriff's certificate of sale of the same premises made pursuant to the redemption, and of obtaining other relief not necessary to be mentioned. The complainant's title rests upon a deed made pursuant to the master's sale and the decree finds the deed invalid.

The property in controversy belonged to Peter Joseph Muench, and was sold on July 9, 1909, by a master in chancery under a decree for the foreclosure of a mortgage. The certificate of sale was assigned to the appellant, and the master executed a deed to him on October 11, 1910. Peter Joseph Muench died on February 8, 1910. Administration was granted on his estate, and on April 6, 1910, a claim was allowed against his estate for $214.45 in favor of Adam Jaeger, for funeral expenses. On October 7, 1910, a special execution was issued on this judgment pursuant to section 27 of chapter 77 of Hurd's Statutes, commanding the sheriff to sell the premises sold under the foreclosure decree upon redemption being made from that sale by Adam Jaeger. The amount required to redeem the premises having been paid to the sheriff, he issued a certificate of redemption to Adam Jaeger, and thereupon advertised the premises and later sold them under the execution to Charles W. Ward, and issued to him a certificate of sale showing that he would be entitled to a deed on January 15, 1911. These are the two certificates which the appellant seeks to have set aside.

The master's deed to the appellant of October 11, 1910, vested the title in him in fee simple if the attempted re-

demption under the Jaeger claim was not valid, but if the redemption was valid the appellant has no interest in the premises. The redemption is assailed on various grounds. It is insisted that Jaeger was not such a creditor as might redeem under section 27 above referred to. That section declares that "for the purpose of redemption from the sale of real estate of a deceased debtor, any person whose claim shall have been probated and allowed against the estate of such deceased debtor, shall be considered a judgment creditor, and for the purpose of enabling such creditor to redeem from such sale, it shall be lawful for the clerk of the court wherein letters testamentary or of administration were granted, to issue special execution to the sheriff of the proper county, commanding him, upon redemption being made, to levy upon and sell the premises so sought to be redeemed, and like proceedings shall be had as upon other executions." It is argued that this section applies only in favor of one who was a creditor of the deceased in the latter's lifetime, and not in favor of one whose claim arose after the decedent's death, as was the case here, where the claim was for funeral expenses. It is insisted that a deceased debtor is necessarily one who was a debtor when he died, and this conclusion is arrived at from a construction of the phrase, "for the purpose of redemption from the sale of real estate of a deceased debtor." It omits all consideration of the next clause, "any person whose claim shall have been probated and allowed against the estate of such deceased debtor, shall be considered a judgment creditor." The statute expressly provides for the allowance of a claim for funeral expenses against the estate and for its classification. The deceased debtor is a debtor whose real estate has been sold at a judicial sale, who has subsequently died. Such is the case here.

It is argued that no petition was presented to the probate court for an execution to sell the premises, no no-

tice was given to the heirs or other persons interested in the land, and no showing was made of the insolvency of the estate or the insufficiency of the personal assets to pay all claims against the estate. None of these things are required by the statute. The right of redemption is a creature of the statute. When the requirements of the statute are complied with the right exists; when they are not complied with the right does not exist. The statute does not make the right contingent upon the insolvency of the estate or the insufficiency of personal assets, and does not require a petition to the court or notice to anyone.

Counsel for the appellant contend that the plan for the redemption is a fraudulent scheme devised for the purpose of enabling the heirs of Peter Joseph Muench to divest the appellant of his rights as a purchaser and secure the title to the premises for themselves. The appellant had no interest in the title until the expiration of fifteen months from the sale, when he would become entitled to a deed. Until then his certificate was only personal property and the title to the real estate remained in the heirs of Peter Joseph Muench. There is no doubt that the redemption was intended eventually to inure to the benefit of the heirs of Peter Joseph Muench. They procured the redemption to be made and in so doing were guilty of no fraud or unfair conduct. As heirs of their father their right of redemption expired in July, 1910. On October 4, 1910, they entered into a written contract with Charles W. Ward whereby he agreed to advance the money necessary to redeem the real estate here involved, and other real estate, from sales thereof made under various foreclosure decrees, and after such redemption to lend them the amount paid out for such redemption and the attendant expenses, which they agreed to pay in five years, with six per cent interest, payable annually. He was to have charge of the property, was to be paid for his services according to the terms of

the agreement, and out of the rent of the property was also to pay certain claims against the estate. It was perfectly legitimate for the heirs thus to endeavor to save the real estate for themselves by arranging for the payment of the encumbrances on it and the debts of their father's estate. The appellant could not possibly be injured, for the plan included the payment of all that was due him, and he had no interest in the premises as real estate.

Appellant was not, however, obliged to accept payment of the redemption money from any source except from one authorized to redeem, and it is insisted that the redemption was not made by such an one. It has been seen that the heirs, though their time of redemption had expired, might lawfully procure anyone else who was authorized to redeem, to do so. This is what they did. On October 7, 1910, Oscar E. Leinen, an attorney who was employed to carry out the agreement between Ward and the heirs, procured the special execution to be issued. Leinen had at the time no authority to act for Jaeger, but in the evening of that same day he procured an assignment of the judgment from Jaeger to Ward upon the payment to Jaeger of $214 which Leinen had received from Ward, together with authority to Ward, as Jaeger's attorney, to sue out execution and take proper ways to collect the judgment. On October 8, in further carrying out the agreement between the heirs and Ward, Leinen delivered the execution to the sheriff and paid him with money furnished by Ward for the purpose, $6806.37, the amount required to redeem from the master's sale. The sheriff thereupon gave to Leinen a certificate of redemption by Jaeger, levied the execution upon the land and later sold it. At this sale Ward demanded credit for the amount of the redemption money and the amount of the execution, and the sheriff objected to the assignment. Thereupon it was taken to Jaeger, who executed a new assignment not differing materially, so far as

260 − 7

this question is concerned, from the original assignment, and the latter was destroyed. On October 11 the appellant paid to the sheriff $228.60 to satisfy the Jaeger execution, but such payment was of no effect, for the premises having been lawfully redeemed from the appellant's sale three days before, his interest was confined to the redemption money, and he had no right except the right to that money.

The decree of the circuit court was right, and it is affirmed.

*Decree affirmed.*