**J. L. Hallford and B. L. Tockman, Appellants, v. J. E. Bairstow et al., Appellees.**

**Gen. No. 9,521.**

Heard in this court at the
February term, 1940.                                    Opinion
filed May 15, 1940.   Rehearing denied June 18, 1940.

HERMAN M. SILVERSTEIN, of Chicago, and GERALD C. SNYDER, of Waukegan, for appellants; GERALD C. SNYDER and WILLIAM C. BURT, of counsel.

CHANCELLOR & CHANCELLOR, of Chicago, and HALL & HULSE and JOHN V. MOORADIAN, all of Waukegan, for appellee J. E. BAIRSTOW; JOHN V. MOORADIAN, of counsel.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

On April 7, 1937, J. L. Hallford, one of the plaintiffs, purchased from the legal holder, a master's certificate for the sale of a farm issued in a mortgage foreclosure suit. The owners of the farm, at the time the foreclosure suit was brought, were Katherine E. Mohrmann, Joseph L. Mohrmann, Elizabeth Mohrmann Brewer, Anna J. Mohrmann and Emily L. Mohrmann. The time allowed to them by statute to redeem the farm from the sale expired on February 1, 1938, without redemption having been made by them. On April 30, 1938, defendant, J. E. Bairstow, claiming to be a judgment creditor of the Mohrmanns, paid to the sheriff of Lake county, in which the farm is situated, $11,999.20, the full amount for redemption. The sheriff filed a certificate of redemption levied on the real estate under Bairstow's judgment and execution, and advertised the farm for sale on May 26, 1938. Shortly

thereafter, Hallford presented his certificate of sale to the farm to the master in chancery, and demanded a deed to the premises, which demand was refused because of the purported redemption by Bairstow.

Hallford and the other plaintiff, B. L. Tockman, who admitted to be a judgment creditor of the Mohrmanns with statutory right to redeem the real estate from the foreclosure sale, on May 25, 1938, filed their complaint for an injunction to restrain the sheriff from conducting the sale under the alleged redemption by Bairstow. A preliminary injunction was issued, but subsequently the court sustained exceptions to the report of the master to whom the case had been referred, and who had found the equities in favor of the plaintiffs, and dissolved the injunction and dismissed the complaint as being without equity. The plaintiffs appealed to this court, and by order of one of the justices of this court, the injunction was ordered to continue in force until the further order of this court.

Bairstow claims he had the right to redeem from the sale as a creditor of the Mohrmanns under a judgment secured by him against them in the circuit court of Lake county, on April 30, 1938, on their judgment note for $15,000. The plaintiff, Tockman, whose judgment is senior to the judgment of Bairstow, did not redeem from the sale, and the time fixed by statute to redeem by a judgment creditor of the Mohrmanns expired on Monday, May 2, 1938.

The plaintiffs charge in the complaint that the defendants, Bairstow and the Mohrmanns, conspired together and executed a confession note dated April 29, 1938, which purported to be for a consideration of $15,000; that in furtherance of the conspiracy Bairstow, on April 30, 1938, entered a judgment on said note in his favor as payee of the note for $15,000, together with $100 attorney's fee and $5 costs; that on the same day an execution was issued and delivered to the sheriff of Lake county; that the note was executed with-

out any consideration, and is based upon a purported indebtedness of $15,000 to Bairstow, which did not exist. That the note was executed and the judgment obtained to extend the time allowed by law for the Mohrmanns to redeem, and contrary to the rights of the plaintiff, Hallford.

The complaint further alleges that the judgment obtained by Bairstow was fraudulent and for a fictitious and exorbitant amount for the purpose of bidding at the sheriff's sale to be held on May 26, 1938, and thus defeat Tockman of each and every right to a successive redemption from any sale had under a judgment obtained upon a bona fide debt. The complaint alleges that the judgment of Bairstow was not for a bona fide debt actually existing and due Bairstow.

The plaintiff, Hallford, prays in the complaint that the master in chancery be compelled to execute a deed to him under the certificate of sale owned and held by Hallford.

The plaintiff, Tockman, prays in his complaint that the court may determine what amount, if any, was a bona fide debt due Bairstow and actually existing on the date of the entry of the judgment in his favor; that such proceedings may be had whereby, if there was in fact any bona fide debt existing on April 30, 1938, wherein Bairstow was a creditor of any of the Mohrmanns, and in the event of a redemption by Bairstow, he is entitled to any amount, said amount may be determined and the right of Tockman to make successive redemption according to statute, may be preserved. The complaint is not defective, because it does not allege a tender by Tockman, or allege an offer to redeem by him. (*Taylor v. Dillenburg,* 169 Ill. 235.)

The title of the Mohrmanns to the real estate is not put in issue by the pleadings. Bairstow paid the redemption money before the expiration of 15 months after the foreclosure sale, and in this suit the plaintiffs contest the right of Bairstow to redeem. Hallford has

no legal title to the real estate under his certificate of purchase. (*Williams v. Williston,* 315 Ill. 178.) It is our opinion that no freehold is involved in this case. (*Lennartz v. Boddie,* 304 Ill. 484; *Kronenberger v. Heinemann,* 190 Ill. 17; *Wilkinson v. Gage,* 133 Ill. 137; *Bush v. Caldwell,* 224 Ill. 93; *Gage v. Busse,* 94 Ill. 590.)

It is contended that Hallford has no legal, or equitable rights against Bairstow, because the certificate of purchase only entitled Hallford to receive the redemption money. Hallford may in a court of equity protect his right to a deed, under his certificate of purchase, by showing, as alleged in the complaint, that the Mohrmanns and Bairstow fraudulently and by collusion permitted a judgment to be entered against the Mohrmanns in favor of Bairstow on an alleged debt, which, it is charged, was not a bona fide indebtedness, and done for the purpose of preventing Hallford from receiving a deed. (*Sutherland v. Long,* 273 Ill. 309; *Strauss v. Tuckhorn,* 200 Ill. 75, 83; *Phillips v. Demoss,* 14 Ill. 410.) Although the attack on Bairstow's judgment is made collaterally by Hallford. (*Arnold v. Gifford,* 62 Ill. 249; *Powers v. Phillips,* 166 Ill. App. 407, 413.)

The Mohrmanns had the right to confess judgment for a bona fide indebtedness for the purpose of enabling a creditor to redeem. (*Williams v. Williston, supra.*) They also had the right to have a creditor, who had the right to redeem, to redeem for their benefit, although 12 months had expired after the foreclosure sale. (*Zeman v. Ward,* 260 Ill. 93.)

If the redemption was made by a creditor of the Mohrmanns with a judgment obtained on a bona fide debt due the creditor from the Mohrmanns, it is a matter of no concern to Hallford for whom and for what purpose the redemption was made. (*Zeman v. Ward, supra.*) It cannot be said by either plaintiff that the Mohrmanns and a judgment creditor of the Mohrmanns for a bona fide indebtedness acted fraudulently and

collusively from the fact alone that the Mohrmanns arranged with the judgment creditor that he redeem for their benefit. (*Zeman v. Ward, supra.*)

The plaintiff, Tockman, as above stated, prays in the complaint that the court may determine what amount, if any, was a bona fide debt actually existing on the date of the entry of the judgment in favor of Bairstow. It must be conceded that Tockman's right to a successive redemption has been impaired if the judgment of Bairstow is for an amount in excess of a bona fide debt of the Mohrmanns. (Sec. 21, ch. 77, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 107.172].) It is clear that Tockman has the right to prove that the debt in whole or in part, is not a bona fide indebtedness of the Mohrmanns, otherwise the rule that the debt must be bona fide would be nugatory. (*Burnham v. Roth,* 244 Ill. 344.) If the alleged debt, the basis of Bairstow's judgment, is *in toto* a pretense, Tockman's right to redeem during the 15 months after the foreclosure sale may be safeguarded in a decree finding the debt a false claim by relating the decree back to the time of the redemption by Bairstow. (42 C. J. pp. 393, 394; *Ogden v. Stevens,* 241 Ill. 556.)

The evidence shows that the Mohrmanns were indebted to Bairstow and the firm of Chancellor & Chancellor for attorneys' fees to the amount of $2,500 and on April 21, 1938, the Mohrmanns executed a judgment note to Justus Chancellor for that amount. That the note was given to these creditors of the Mohrmanns to obtain a judgment and redeem from the foreclosure sale is shown by the evidence. The Mohrmanns were also indebted to four other persons each of whom held a promissory note against them for his debt. These four notes were collected by one of the Mohrmanns (Mrs. Brewer, nee Mohrmann) and placed in the possession of Justus Chancellor who gave them to Bairstow. The sum of the five notes, and a debt of $500 due Bairstow from the Mohrmanns, was $15,000. The Mohrmanns

executed the judgment note for $15,000 which it is claimed by the plaintiffs was not a bona fide indebtedness to Bairstow, the payee. The motive and purpose of the four persons who gave their notes to Chancellor would be of no concern of Hallford, as the full amount of the redemption money has been paid to the sheriff, and Hallford is in no position to insist the said creditors will receive no benefit from the redemption. The five notes were for bona fide debts, and, so far as Hallford is concerned, they could consent to have their notes merged in the note for $15,000 in favor of Bairstow and permit a redemption to be for their benefit, or the benefit of the Mohrmanns.

As before stated, the Mohrmanns were indebted on bona fide debts to the amount of $15,000 to various persons including Bairstow. They gave their judgment note to Bairstow for that amount, and he took judgment on the note for its principal amount, plus attorney's fee and court costs for obtaining the judgment. Bairstow did not purchase the four notes held by creditors of the Mohrmanns. The notes were indorsed in blank and are now held by Bairstow. The evidence is that there is no agreement, or understanding between Bairstow and the four creditors secured by their notes that the redemption was to be made by Bairstow for their benefit, or that they would receive any advantage from the redemption. The four noteholders, however, surrendered their notes to Bairstow, through Chancellor & Chancellor, with the understanding that a redemption of the real estate was to be made. The inference is clearly drawn from the evidence that Bairstow was acting as the attorney for the Mohrmanns, and their said creditors, arranging for and making the redemption. The four notes mentioned were not all signed by all the Mohrmanns, but some of them were individual notes. The note for $15,000 was not void nor without consideration. (*Sebastian v. Gorecki,* 339 Ill. 393; 8 C. J. 221.)

By the surrender of the notes to Bairstow and the use made of them, Bairstow, or his assignee, is in a position to bid the amount of the redemption at the sheriff's sale on the execution issued on the Bairstow judgment of $15,000. (Sec. 21, ch. 77, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 107.172.].) All of the names creditors of the Mohrmanns have contributed to the purchase price of the farm by means of the redemption. This fact, in addition to Bairstow's relationship to these creditors, raises a constructive trust in favor of the creditors against Bairstow, if he should deny that he acted as the trustee for the creditors in the transaction of making the redemption. (*Towle v. Wadsworth,* 147 Ill. 80; *Neagle v. McMullen,* 334 Ill. 168.)

It is admitted by Bairstow in his printed brief filed in this court that, "Even though there were no definite arrangements, what occurred amounted to an implied agreement to make redemption for the benefit of the noteholders and hold the property together for the benefit of them, at least until the deed was issued." Thus clearly establishing a resulting trust in favor of the creditors of the Mohrmanns in whose behalf Bairstow made the redemption. When the redemption was made Bairstow delivered to the sheriff checks signed by, and drawn on, the funds of one Earl D. Amsler, a banker, in the amount of $11,999.20 required for the redemption from the foreclosure sale, thereupon the sheriff delivered a certificate of redemption to Bairstow. Bairstow also at that time assigned the judgment for $15,000 and the certificate of redemption to Amsler. Amsler gave Bairstow an option to purchase the farm within six months at a price of $13,200.

The assignments of the Bairstow judgment and the certificate of redemption by Bairstow to Amsler could in no way effect the right of Tockman, as a judgment creditor of the Mohrmanns, to the right of successive redemption. (*Hack v. Snow,* 338 Ill. 28.) Bairstow was not indebted to Amsler and it is clear from the conduct

of the parties and the circumstances appearing in record that the assignments were made to secure Amsler for the $11,999.20 advanced by him to make the redemption. Beyond his security, the assignments did not pass any equities to Amsler. (*Daly v. Spiller,* 222 Ill. 421; *Ogden v. Stevens,* 241 Ill. 556.)

The injunction restraining the sheriff's sale upon redemption made by Bairstow is dissolved. If the real estate sells at the sheriff's sale for more than the redemption money paid, plus interest and court costs, Amsler should receive the $11,999.20 advanced by him with interest, as provided by sec. 22, ch. 77, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 107.173], and the excess paid to Bairstow as trustee for the creditors of the Mohrmanns whose debts were consolidated or merged in the judgment note of $15,000, and on which judgment was taken by Bairstow, *pro tanto* as their debts contributed toward the judgment for $15,000.

That part of the decree of the circuit court of Lake county dismissing the complaint for want of equity is reversed. The case is remanded to said circuit court with directions to reinstate the cause, dismiss the complaint as to the plaintiff, Hallford, and in its decree declare that the right of Tockman to successive right of redemption has not been impaired by the redemption made by Bairstow. Such decree should further direct that if the real estate sells at the sheriff's sale for more than the redemption money now in the hands of the sheriff, interest and costs, the sheriff shall pay to Amsler $11,999.20, with interest as provided by statute, and that the excess shall be paid to Bairstow as trustee for the creditors of the Mohrmanns whose debts were merged in the judgment note for $15,000 *pro tanto* as their debts contributed toward the judgment of $15,000, and that the said Bairstow, as such trustee, report to the court his distribution of such excess, if there be any.

*Reversed and remanded with directions.*