# HENRY H. GAGE

*v.*

# CHRISTIAN C. BUSSE *et al.*

*Ottawa, March Term,* 1880.

1. APPEALS *direct to the Supreme Court—from the trial court.* Under the Practice act, as amended by the act of 1879, in all cases where a freehold is involved in the litigation, whether the suit be at law or in chancery, an appeal will lie directly from the trial court to this court.

2. SAME—*and herein, whether a freehold is involved.* Upon bill in chancery to remove a cloud upon the title to land, the alleged cloud consisting of certificates of sales of land for taxes, there is no freehold involved so as to give this court jurisdiction of an appeal direct from the trial court.

APPEAL from the Superior Court of Cook county.

This was a suit in chancery, instituted in the court below by Busse and Sturtevant against Gage, to remove a cloud upon title, consisting of certain certificates of sales of land for taxes held by Gage. The court below granted the relief sought by the bill, and the defendant thereupon appealed directly to this court.

The appellees now move the court to dismiss the appeal, on the ground that the case does not come within any of the classes in which an appeal is allowed to be taken from the trial court to this court, but that it should have been taken to the Appellate Court.

Messrs. MATTOCKS & MASON, for the motion:

The direct appeal to this court can not be sustained except upon the ground that a freehold is involved in the litigation. There is no freehold involved in this suit.

The case of *Akin et al.* v. *Lloyd*, 28 Ill. 331, decides that a bill to remove a cloud is not a suit affecting real estate. The code of chancery practice then in force required that suits which "may affect real estate," should be brought in the county "where the same is situated." Complainants, living in Bureau county, filed a bill to remove a cloud upon the title to to real estate situated in Bureau county. Defendant Lloyd pleaded in abatement that he was a resident of Marshall county. The plea was sustained and the suit dismissed. The Supreme Court affirmed the decree.

The case at bar is far stronger. The record shows that the bill was filed, and the defendants brought into court before the time of redemption from the tax sale had expired. The thing to be determined is the respective rights of the parties at that time. There was then no possible dispute between them as to any freehold. Gage claimed that they ought to pay him the face of certain taxes, with 50 per cent interest per annum, or 100 per cent in all. They claimed to be entitled to a cancellation of the certificates upon the payment of their face, with 6 per cent per annum, or about 11 per cent in all. The question was, then, simply this: Shall Busse and others pay Gage a penalty of 89 per cent in addition to legal interest, or not? The whole controversy is measured by this 89 per cent, and relates only to it. There is no question of freehold here. Gage does not claim to own the land. When the bill was filed he had no deed; the time for applying for a deed had not come; he has no deed now.

It is evident, then, that the appeal has been prayed and allowed in error, and that it should be dismissed.

Mr. AUGUSTUS N. GAGE, and Mr. MARTIN R. M. WAL-
LACE, *contra:*

This litigation, as we contend, involves a freehold, and in
such case, under existing legislation, the appeal lies directly
to this court.

It is said that a freehold is not involved in this case,
because at the time the bill was filed appellant only held a
certificate of purchase at a tax sale, and no deed had been, nor
has any deed since been issued; so that the only question in
issue is, shall appellees pay appellant "eighty-nine per cent in
addition to legal interest, and relates only to it."

An examination of the pleadings in this record will show
that the title to the lots described in the bill is directly put
in issue.

At the time appellant filed his answer he was entitled to a
deed for the lots, and so alleges in his answer, and makes the
proper allegations in his answer to show his right to have a
deed issued to him, and the proof clearly shows that he is
entitled to the deed.

An injunction was granted restraining appellant from
taking his deed, without which appellant would now be in
possession of the legal title to the lots. And if the questions
raised by the bill regarding the validity of some portion of
the city tax should be held against appellees, then appellant
will be entitled to have the injunction dissolved and a deed
issued to him, thus vesting him with a legal title to the lots.
And if the issue should be found against appellant, or the
judgment of the court below sustained, then appellant is *con-
cluded from asserting his title to the lots in any subsequent pro-
ceeding.* And on the contrary, if the issues are found in favor
of appellant, appellees will be forever concluded from
asserting their title in any subsequent proceeding.

If this is so, then a freehold is involved, and the direct
appeal to this court was not granted in error, and the appeal
should not be dismissed.

SCOTT, J.: The disposition of the motion involves a construction of the recent Practice act of 1879. We are all of opinion that where a freehold is involved in litigation, the appeal, whether the action is at law, or in chancery, may be taken directly into this court; but a majority of the court are of opinion that in this case no freehold is involved, and for that reason the appeal is dismissed.

*Appeal dismissed.*

DICKEY, J.: I think in this case there is a freehold involved. Before the answer was filed the time of redemption from these tax certificates had passed. The defendant came in, and in the answer asserted his right to have a deed, or right to the title of the property, and the decree denied that right. It is the defendant who brings the appeal, and it therefore seems to me the freehold was involved.

SHELDON, J.: I concur in the suggestions of Mr. JUSTICE DICKEY.