JAMES GALBRAITH

*v.*

JOSEPH PLASTERS.

*Filed at Mt. Vernon January 18, 1882.*

1. APPEAL—*whether freehold is involved.* No appeal lies directly from the circuit court to this court, from an order dismissing a bill seeking to set aside a sale of land on execution, on the ground of its being the complainant's homestead, as no freehold is involved in the suit.

2. It is not enough that the freehold be affected, it must be involved,—that is, directly the subject of the litigation,—to give the Supreme Court jurisdiction by appeal directly from the circuit court.

APPEAL from the Circuit Court of Franklin county; the Hon. D. M. BROWNING, Judge, presiding.

Messrs. YOUNGBLOOD & MOYERS, for the appellant.

Mr. W. H. WILLIAMS, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Certain real estate of the appellant was sold by the sheriff of Franklin county, by virtue of an execution, and bid in by appellee, to whom the sheriff gave a certificate of purchase, showing that if the property should not be redeemed, according to law, within fifteen months from the day of sale, he would be

entitled to a deed. On the 7th day of April, 1881 (less than six months from the day of sale), the present bill was filed in the circuit court of Franklin county, to set aside the sale, on the ground that the property was exempt from sale by virtue of the provisions of the law relating to the "Exemption of Homesteads." The circuit court, on hearing, dismissed the bill for want of equity, and the present appeal is prosecuted from that decree directly to this court.

The appeal must be dismissed. It is very clear no freehold is involved in the present litigation, and there is no other ground, apparent to us, upon which it could be pretended the right of appeal, directly from the circuit court to this court, exists. Until appellee obtains a deed, he can not claim the freehold, and until the expiration of the time of redemption, appellant can, at any moment, remove the lien of appellee's claim by simply paying the redemption money. Should appellant get all he prays by his bill, it would not be a freehold, but simply the removal of a lien which he, by his negligence, might suffer to ripen, in process of time, into a freehold; and by having the prayer of his bill refused he loses no freehold, but simply fails to have this lien removed. See *Gage* v. *Busse*, 94 Ill. 590; *Hutchinson* v. *Howe*, 100 id. 11. It is not enough that the freehold be affected, it must be involved,—that is, directly the subject of the litigation,— to give us jurisdiction by appeal from the circuit court.

The appeal will be dismissed, with leave to appellant to withdraw his record, abstracts and briefs, if he so desires.

*Appeal dismissed.*