# HENRY B. KEPLEY

## v.

# JOSEPH LUKE.

JURISDICTION—FREEHOLD—FORCIBLE DETAINER.—Ordinarily the question of title is not involved in a case of forcible detainer, but in this case, which was forcible detainer under the statute by a purchaser at a sheriff's sale, against a defendant in possession who claimed ownership in fee by certain conveyances, the rights of the parties can not be determined without deciding which of them is the owner in fee, and when such is the case this court can not take jurisdiction of the appeal.

APPEAL from the Circuit Court of Effingham county; the Hon. Jos. B. JONES, Judge, presiding. Opinion filed April 14, 1882.

Mr. HENRY B. KEPLEY, for appellant.

Mr. W. B. COOPER and Messrs. WOOD BROS., for appellee.

PER CURIAM. In this case the plaintiff below, appellant here, obtained sheriff's deeds for certain lands which had been sold under execution upon judgments against the defendant below, and brought suit in forcible detainer, under clause 6, section 2, chapter 57, Rev. Stat. The defendant below, 'as appears from the record, was in possession of the land; it was assessed to him as the owner, and he asserted ownership in fee by certain conveyances, which are in evidence. Manifestly, then, if the deeds held by appellant are good, and that is the sole question, the title in fee has been transferred from appellee to appellant. We think, therefore, a freehold is involved, and that we have no jurisdiction. Ordinarily, this form of action does not involve the title, but in such a case as this the rights of the parties can not be determined without deciding which of them is the owner of the fee, and where such is the case, we think the form of action is immaterial. It was said in R. R. v. Dunbar, 95 Ill. 579, "The statute does not limit the right of appeal (to the Supreme Court) in such cases to suits

which are instituted for the purpose of determining the rights of the franchise, or the title to the franchise; the language of the statute applies to cases in which the franchise is involved."

So, then, Statute Laws 1879, page 222, Sec. 2, does not limit the right of appeal to the Supreme Court, to suits which are instituted for the purpose of determining the right to the freehold, but it applies to cases where the freehold is wrapped up or involved in the controversy.

Though no motion has been made to that effect, we must dismiss the appeal for want of jurisdiction. Fleischman v. Walker, 91 Ill. 318; Wright v. People, 92 Ill. 596. See generally, in this connection, McQuirk v. Burry, 93 Ill. 110; Gage v. Busse, 94 Ill. 590; Hutchinson v. Howe, 100 Ill. 11; Gage v. Scales, 100 Ill. 18.

The appeal is therefore dismissed, with leave to withdraw record.

Appeal dismissed.