FREDERICK WILKINSON

*v.*

AUGUSTUS N. GAGE.

*Filed at Ottawa May 20, 1890.*

| 133 | 137 |
| 190 | 19 |
| 133 | 137 |
| 196 | 395 |

APPEAL — *whether a freehold involved — on foreclosure — setting aside decree for fraud.* A freehold is not involved in a proceeding to foreclose a mortgage, nor on a bill to set aside a decree of foreclosure, on the ground of fraud. The holder of the mortgage in such case claims only a lien on the premises for the payment of his debt.

APPEAL from the Superior Court of Cook county; the Hon. EGBERT JAMIESON, Judge, presiding.

Messrs. FREEMAN & WALKER, for the appellant.

Mr. FRANKLIN DENISON, for the appellee.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This is an original bill, in the nature of a bill of review, to set aside a decree of foreclosure, rendered on the 3d of February, 1887, in favor of appellee, and against appellant and others, in the Superior Court of Cook county, alleged to have been obtained through fraud, etc. A demurrer to the bill was sustained in the court below, and the same dismissed at the complainant's costs, whereupon he prosecuted this appeal.

A motion being interposed by appellee to dismiss the appeal for want of jurisdiction,—which was reserved to the hearing,— the first question to be disposed of is, do the facts stated in the bill show that a freehold is involved. If not, it is conceded the appeal should have been first to the Appellate Court.

The bill upon which the decree in question was made, averred, among other things, that one George H. Leonard, on December 24, 1883, executed to David Sullings certain promissory notes, and to secure the same, gave him a mortgage upon cer-

tain real estate therein described, but by mistake misdescribed the same, and also erroneously named the mortgagee therein Suttings, instead of Sullings. It was also averred in that bill, that said Wilkinson, complainant in the present bill, had, on May 28, 1886, filed for record in the recorder's office of Cook county, an agreement between himself and said George H. Leonard, dated November 1, 1886, reciting that Wilkinson had procured a bargain to purchase the said land, and when the same should be sold, after paying certain sums to Leonard, the remainder of the proceeds should be divided equally between said Leonard and Wilkinson, and that Wilkinson should have the preference in purchasing the same ; that said Sullings had no notice of said agreement when he took his mortgage ; that said notes had been assigned to Gage,—and prayed for a correction of said mistakes and for a foreclosure. Appellant, by the present bill, claims that he was, at the time of the foreclosure, the owner of an undivided half interest in the premises, and that the same were not mortgaged to Sullings, and that the latter had notice of his rights. He also claims, that since said foreclosure he has become the owner of all of Leonard's interest in said premises, and avers that other defenses against said bill to foreclose existed in right of said Leonard. The complaint is, that by fraud both he and Leonard were prevented from making their meritorious defenses to that bill.

It must, we think, be admitted, that if all the defenses against the mortgage alleged in this bill had been interposed in the foreclosure proceeding, no freehold would have been thereby involved, so as to give this court jurisdiction of the case on appeal or writ of error. It has been decided over and over again by this court, that a freehold is not involved in a proceeding to foreclose a mortgage. It is not pretended that Gage claims any title to the premises in question, except under the Sullings mortgage assigned to him, and the foreclosure thereof. At the time this bill was filed, May 19, 1887, he held a certificate of purchase from a master in chancery, under a sale made

March 22, 1887, in pursuance of the decree of foreclosure. He therefore could claim no freehold as against this bill. He had no deed to the property, and was entitled to none. *Gage v. Busse et al.* 94 Ill. 590; *Galbraith* v. *Plasters,* 101 id. 444; *Johns* v. *Boyd,* 117 id. 339.

Under the allegations of this bill it can not be said that Gage claims a freehold interest in the mortgaged premises. He is insisting only upon a lien thereon for the payment of his debt. A decree as prayed would not divest him of a freehold, nor would it clothe the complainant with such title.

The appeal was improperly taken to this court, and will be dismissed.

                                              *Appeal dismissed.*