ANNA KRONENBERGER *et al.*

*v.*

LOUIS HEINEMANN.

*Opinion filed April 18, 1901.*

APPEALS AND ERRORS—*bill to set aside a foreclosure sale and cancel certificate does not involve a freehold.* A freehold is not involved in a proceeding wherein the defendants in foreclosure seek to have the sale set aside and the certificate of purchase issued by the master declared void, since the certificate does not convey title, and if the sale were set aside and the certificate declared void the only effect would be a re-sale of the property.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

ERNST F. HERRMANN, and EDWARD M. WINSTON, for plaintiffs in error.

H. STUART DERBY, for defendant in error.

Mr. JUSTICE HAND delivered the opinion of the court:

This is a writ of error to the superior court of Cook county to review an order of that court refusing to set aside the sale and cancel the master's certificate in a foreclosure proceeding.

It appears from the record that the bill was filed in this case on February 21, 1899, to foreclose a trust deed bearing date December 14, 1896, executed by Nicolaus Kronenberger and Anna Kronenberger, his wife, to William Heinemann, trustee, upon certain premises situated in Cook county. A decree of foreclosure and sale was entered and said premises were advertised for sale by the master in chancery and sold to Louis Heinemann, the holder of the indebtedness secured by said trust deed, at eleven o'clock A. M. July 6, 1899. The master issued a certificate of sale and made report of such sale, which was confirmed by the court. Nicolaus Kronenberger

died at 3:30 A. M. on July 6, 1899. On the 16th day of July, 1900, said Anna Kronenberger, as widow, and Katherine and Elizabeth Kronenberger, the adult heirs of said Nicolaus Kronenberger, deceased, filed their petition in said cause praying that said sale be set aside and annulled, that the certificate of sale be canceled, and that the purchaser, Louis Heinemann, be restrained from taking, and the master in chancery and his successor from making, a deed under said sale to said premises, on the ground that said certificate of purchase was void, as said Nicolaus Kronenberger was not living at the time of said sale. The court denied the prayer of said petition and refused to set aside said sale and cancel such certificate.

The certificate of purchase issued by the master in chancery did not convey title to the purchaser of said premises at said sale, and if the sale should be set aside and the master's certificate canceled on the ground that the same was void, the only effect thereof would be a re-sale of said premises. A freehold, therefore, is not involved. In *Lightcap* v. *Bradley*, 186 Ill. 510, on page 528 we say: "A certificate of purchase does not purport to convey title, but on its face shows the contrary, by stating the amount of the bid and when the holder will be entitled to title if the premises are not redeemed. A purchaser is not entitled to possession by showing that he bid off the land at a sale. (*Johnson* v. *Baker*, 38 Ill. 98.) The purchaser of land under an execution of the foreclosure of a mortgage has no legal title, or right to be invested with a legal title, until the time allowed for redemption has expired. (*Rockwell* v. *Servant*, 63 Ill. 424.) The certificate of purchase confers on the holder no title in the land.—*Huftalin* v. *Misner*, 70 Ill. 55." In *Gage* v. *Busse*, 94 Ill. 590, which was a suit in chancery to cancel certain tax certificates, it was held no freehold was involved, although the time for redemption had elapsed at the time the bill was filed. In *Galbraith* v. *Plasters*, 101 Ill. 444, it was held no appeal lies from the circuit court

to this court from an order dismissing a bill seeking to set aside a sale of land on execution on the ground of its being the complainant's homestead. On page 445 it is said: "Should appellant get all he prays by his bill, it would not be a freehold, but simply the removal of a lien which he, by his negligence, might suffer to ripen, in process of time, into a freehold; and by having the prayer of his bill refused he loses no freehold, but simply fails to have this lien removed. * * * It is not enough that the freehold be affected; it must be involved,—that is, directly the subject of the litigation." In *Wilkinson* v. *Gage*, 133 Ill. 137, which was a bill in the nature of a bill of review to set aside a decree of foreclosure on the ground of fraud, it was said (p. 138): "It is not pretended that Gage claims any title to the premises in question, except under the Sullings mortgage assigned to him, and the foreclosure thereof. At the time this bill was filed, May 19, 1887, he held a certificate of purchase from a master in chancery under a sale made March 22, 1887, in pursuance of the decree of foreclosure. He therefore could claim no freehold as against this bill. He had no deed to the property, and was entitled to none." And we have repeatedly held bills to foreclose mortgages on real estate do not involve a question of freehold. *Pinneo* v. *Knox*, 100 Ill. 471; *McIntyre* v. *Yates*, id. 475; *Akin* v. *Cassiday*, 105 id. 22; *Sanford* v. *Kane*, 127 id. 591.

The case of *Smith* v. *Jackson*, 153 Ill. 399, relied upon by plaintiff in error, was a bill to set aside a master's deed. It is there said (p. 405): "The controversy, as made by the cross-bill and the answer thereto, is upon the validity of the master's deed,—an instrument which purports to convey to Smith the land in fee." In that case the lien had ripened into a title; here it has not.

The writ of error will be dismissed, with leave to the plaintiffs in error to withdraw their record, abstract and briefs, and to the defendant in error to withdraw his brief.

*Writ dismissed.*