THE CHARLESTON STATE BANK

*v.*

BLUFORD E. BROOKS.

*Opinion filed June 19, 1902.*

APPEALS AND ERRORS—*when freehold is not involved.* A freehold is not involved on appeal from an order granting a motion to set aside an execution sale and to cancel the certificate of sale, upon the ground that the property was the homestead of the debtor and was not sold in the manner prescribed by law.

APPEAL from the Circuit Court of Coles county; the Hon. FRANK K. DUNN, Judge, presiding.

J. H. MARSHALL, and A. C. ANDERSON, for appellant.

A. J. FRYER, for appellee.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

On July 19, 1900, appellant obtained two judgments by confession against appellee, one for $807.41, and the other for $734.30, amounting to $1541.71. On March 2, 1901, executions were issued upon these judgments and levied upon certain lots in Charleston, alleged to be the property of appellee, the judgment debtor. On March 29,

1901, the property so levied upon was sold for $990.95 to the appellant, and a certificate of sale was thereupon issued to the appellant.

On October 21, 1901, the appellee made a motion in the circuit court, which rendered the judgments and issued the executions, to set aside the sale made by the sheriff, and to cancel and annul the certificate of sale issued by him. The ground, upon which the motion was based, was that the property levied upon was the homestead of the appellee, and was not sold in the mode prescribed by the statute. The court below entered an order, setting aside the sale, and canceling the certificate of sale, in accordance with the motion so made by appellee, holding that the premises levied upon were the homestead of the appellee, the judgment debtor.

A motion has been made by the appellee to dismiss the present appeal, upon the ground that no freehold is involved. In view of the decisions heretofore made by this court upon this subject, the motion to dismiss the appeal must be allowed. A freehold is not involved in a proceeding, wherein a defendant in a foreclosure suit, or a judgment debtor in an execution sale, seeks to have the sale set aside, and the certificate of purchase, issued by the master, or the sheriff, declared void, because the certificate does not convey title. (*Kronenberger* v. *Heinemann*, 190 Ill. 17; *Johnson* v. *McDonald*, 196 id. 394). A freehold is not involved, even where it is sought to set aside a sale of land on execution upon the ground that it is the homestead of the judgment debtor. We have held that, where a bill in chancery is filed to enjoin the sale of a lot levied upon by the sheriff under an execution, upon the ground that it was, and had been, the homestead of the complainant, and was therefore exempt, no question of freehold is involved, and no appeal or writ of error will lie for the purpose of bringing the case to this court in the first instance. (*Herdman* v. *Cooper*, 125 Ill. 359; *Galbraith* v. *Plasters*, 101 id. 444).

Accordingly, the appeal is dismissed. Leave is granted to the appellant to withdraw the record, and its abstracts and briefs, for the purpose of filing them in the Appellate Court, if it shall be so minded.

*Appeal dismissed.*