JACOB GLOS

*v.*

THE SANITARY DISTRICT OF CHICAGO.

*Opinion filed December 22, 1906.*

APPEALS AND ERRORS—*when freehold is not involved.* A proceeding in equity to enjoin the defendant from applying for, and the county clerk from issuing, a tax deed upon a certain certificate of purchase at a tax sale, does not involve a freehold.

WRIT OF ERROR to the Circuit Court of Will county; the Hon. R. W. HILSCHER, Judge, presiding.

This was a bill in chancery filed by the Sanitary District of Chicago in the circuit court of Will county on October 9, 1895, to enjoin Jacob Glos from applying for, and the county clerk from issuing, a tax deed upon a certificate for the sale of certain premises in Will county for the general taxes for the year 1894. The county clerk, the county treasurer and Glos were made defendants.

The bill alleges that the complainant is a municipal corporation; that on and since April 30, 1894, it has been the owner and in possession of said premises; that the property was assessed for taxation for the year 1894 and general taxes for that year were levied thereon, which were not paid, and that subsequently, on June 28, 1895, Jacob Glos became the purchaser of the land at the annual tax sale for $42.73. The bill alleges that the property was exempt from taxation, being public lands and used for public purposes, and that the sale thereof was illegal, and that the issuance of a tax deed will cloud the title and cause irreparable damage to complainant, and prays an injunction to prevent a tax deed issuing. The defendants, Jacob Glos and the county treasurer and county clerk, all appeared and answered, denying the material allegations of the bill, except as to the taxation of the property and its sale to Glos. Replications were filed.

A temporary injunction was awarded as prayed, which was afterwards, upon a hearing in open court, made perpetual by a final decree entered May 14, 1901, enjoining Jacob Glos from applying for, and the county clerk from issuing, a tax deed for said premises. The decree finds that the premises were subject to taxation; that the judgment entered against the same for taxes was valid; that the precept directing the sale of the property was void; that Glos purchased the property at tax sale but took nothing by his certificate. Reimbursement of Glos is not directed. He is ordered to pay costs and an execution is awarded against him. The evidence is not preserved by certificate.

Jacob Glos brings the case to this court by writ of error, and urges, first, that the facts stated in the decree do not warrant the relief awarded; second, that as a condition precedent to the relief obtained the sanitary district should have been required to reimburse him for the money expended in purchasing at the tax sale; and third, that costs should not have been adjudged against him.

JACOB GLOS, *pro se*, (JOHN R. O'CONNOR, of counsel.)

P. C. HALEY, and E. C. LINDLEY, for defendant in error.

Per CURIAM: This court has no jurisdiction to review the decree rendered in this cause. Plaintiff in error evidently procured the writ to issue from this court instead of from the Appellate Court in the belief that a freehold was involved. That belief, however, is a mistaken one. A freehold is not involved. *Gage* v. *Busse,* 94 Ill. 590; *Kronenberger* v. *Heinemann,* 190 id. 17; *Johnson* v. *McDonald,* 196 id. 394; *First Nat. Bank of Denver* v. *Gibson,* 221 id. 295.

The writ of error will be dismissed.

*Writ dismissed.*