(No. 22355.— 

ARTHUR J. SCHMITT, Appellant, *vs.* J. PILLING WRIGHT *et al.* Appellees.

*Opinion filed October 17, 1934.*

WISNER, DAVIS & WALSH, for appellant.

ROSEN, FRANCIS & ROSEN, for appellees.

Mr. JUSTICE FARTHING delivered the opinion of the court:

On November 29, 1932, Arthur J. Schmitt, the appellant, filed a bill in the circuit court of Cook county asking to redeem from a chattel mortgage 194⅔ shares of the common capital stock of the Walnart Electric Manufacturing Company. He also prayed for an accounting, and that the Continental-Diamond Fibre Company be decreed to hold certain real estate, machinery, etc., as trustee for appellant and the other two original stockholders of the

Walnart Company as their interests might appear and for a conveyance thereof to appellant and such stockholders.

The Walnart Company owed $86,726.13 to the Continental Fibre Company on May 4, 1925, and was otherwise largely in debt. Involuntary bankruptcy was threatened. To avoid this, the appellant, who was its president and who owned all but three or four shares of its capital stock, assigned the above mentioned shares under an agreement of May 4, 1925, to one of the appellees, J. Pilling Wright, an officer of the Continental Fibre Company and later of its successor, the Continental-Diamond Fibre Company. Under this agreement Wright and his company were to control and manage the Walnart Company until the debt due the Continental Fibre Company was paid from the profits, or by the appellant, who was given four years' time in which to redeem his stock. By their demurrer the appellees admit that the appellant after a year or more was removed from the presidency of the Walnart Company and given work as a traveling salesman for the Continental Fibre Company; that the Walnart Company's debt to the Continental Fibre Company was fully paid as early as December 31, 1927, but that Wright, the Continental Fibre Company, and its successor, the Continental-Diamond Fibre Company, continued in control; that the appellant was told, in January, 1929, that the indebtedness of the Walnart Company to the Continental Fibre Company had increased to $216,687.60; that the appellant on March 29, 1929, was advised by the Continental-Diamond Fibre Company, through the appellee Wright, that it wanted to settle the Walnart indebtedness to the Continental Fibre Company on a "basis which would be equable to all parties," and later, on April 17, 1929, the appellant was further advised that it was the intention of the Continental-Diamond Fibre Company and Wright to close up the Walnart Company and to transfer all property and rights covered by the agreement of May 4, 1925. The ap-

pellant executed a proxy for a meeting of the board of directors of the Walnart Company to be held on May 9, 1929, and gave the proxy to Wright. The meeting was held, and on May 14, 1929, the real estate at 308 South Green street, Chicago, was deeded to the Continental-Diamond Fibre Company and later the Walnart Company was dissolved. It is because of this dissolution that the bill prays that the Continental-Diamond Fibre Company be ordered to convey the real estate in question to the three stockholders of the Walnart Company who owned all its stock on May 4, 1925. The bill alleges that the appellant did not learn until the summer of 1932 that full payment of the debt had been made by the Walnart Company to the Continental Fibre Company by December 31, 1927. The prayer for the re-conveyance of the real estate at 308 South Green street forms the basis for the appellant's claim that this court has jurisdiction of this appeal. The objection to the jurisdiction of this court to entertain an appeal from the decree sustaining the appellees' general demurrer and the special demurrer based on *laches* and dismissing appellant's bill for want of equity is the primary matter for our consideration.

Only those allegations of the bill which bear upon the question of the jurisdiction of this court and those facts necessary to outline the status of the parties have been set out. It is evident that the main relief sought is the right to redeem the shares of stock and for an accounting. The transfer of the real estate may never be reached. If an account were taken it might possibly lead to some different result from that stated in the bill, and even if the appellant were granted the right to redeem it is not certain that he would do so. In any event, the re-conveyance is an incidental and not a major part of the relief prayed. The allegations in the bill as to a trust and the right to have the real estate conveyed are collateral and incidental to the main relief sought by the bill. To give jurisdiction of a

512

direct appeal to this court a freehold must be directly involved and not merely collaterally, contingently or incidentally. The necessary result must be either that one party gains and the other party loses a freehold estate, or the title must be so put in issue that the outcome of the case requires a decision as to the title to the real estate in question. (*Burroughs* v. *Kotz*, 226 Ill. 40.) The rule applies even in those cases where, as a mere incident to the relief sought, a deed may be set aside as a cloud on the title, and the same rule applies where a cross-bill is filed praying that the deed be declared to be absolute and for other relief. (*Lill* v. *Pace*, 320 Ill. 522.) It is clear that this case does not come within these rules.

The cause will therefore be transferred to the Appellate Court for the First District. *Cause transferred.*