(No. 25231.—

MILTON H. CALLNER, Appellant, *vs.* SAMUEL GREENBERG *et al.* Appellees.

*Opinion filed October 13, 1939.*

LEVISOHN & LEVISOHN, for appellant.

MORTON C. CHESLER, MORRIS L. KILMNICK, and B. P. TRAYNOR, for appellees.

Mr. CHIEF JUSTICE WILSON delivered the opinion of the court:

Milton H. Callner filed an amended complaint to redeem from a sale of certain premises held on October 18, 1933, pursuant to a decree of foreclosure, and for other relief. The amended complaint alleges that Callner, a second mortgagee, was joined by the bank which, as trustee, instituted the foreclosure proceeding, not by his proper name but under the description of "Unknown Owners;" that his address and the fact that he was the holder of junior trust deed notes were both known to the officers and agents of the trustee bank, and the attempted service of notice on him by publication under the designation of an unknown owner was fraudulent; that an order was entered defaulting unknown owners, a decree of sale entered and the premises sold; that Callner did not learn of these proceedings nor of the sale until August 15, 1937, and was prevented from redeeming, although he was ready, able and willing to have done so. The amount of the indebtedness found to be due the complainant foreclosing the first trust deed was $51,235.99. The premises were sold for $8500.

Certain facts were alleged in support of the charge of fraud with respect to the failure to give Callner proper notice and the plaintiff offered to pay, and tendered in open court, $8500 with interest from October 18, 1933, the date of the sale pursuant to the foreclosure decree. The prayer of the complaint was that the master in chancery be directed to execute an instrument evidencing the redemption and to register the same in the office of the registrar of titles of Cook county; that the certificate of sale issued by the master in chancery in the foreclosure proceeding be set aside, vacated and delivered to the master to be canceled, and for the foreclosure of the junior trust deed, and for general relief. The amount of the indebtedness under the junior trust deed was about $5000, which it is alleged remains unpaid. Three of the defendants moved to strike

from the files the amended complaint and to dismiss the cause for want of equity. The court allowed the motion and an order was accordingly entered, from which the plaintiff prayed an appeal direct to this court.

The defendants challenge the jurisdiction of this court to review the order of the circuit court on a direct appeal but have not requested the transfer of the cause to the Appellate Court. The plaintiff contends that the appeal was properly taken direct to this court because, in addition to redemption from a foreclosure sale, the plaintiff also seeks to set aside a master's deed conveying the premises to one of the defendants who purchased at the foreclosure sale. Two cases are cited in support of the contention. In the first, *Smith* v. *Jackson,* 153 Ill. 399, the suit was one to foreclose a second mortgage. The senior mortgagee was not made a party. By a cross-bill, however, the cross-complainant claimed title in fee to a part of the land under a master's deed. The issue made by the cross-bill and answer thereto was the validity of the deed. When it was decreed that the deed was void and conveyed no title a freehold was directly involved and an appeal was properly prosecuted direct to this court. In the second case, *Kronenberger* v. *Heinemann,* 190 Ill. 17, there was an attempt to set aside a certificate of sale. We held that no freehold was directly involved because the lien had not ripened into a title.

Here the offer of the plaintiff to pay the sum of $8500 was primarily for the purpose of permitting him to obtain a certificate of redemption and this was preliminary to obtaining further relief. The prayer was that an account be taken of the amount due the plaintiff as owner and holder of the trust deed sought to be foreclosed and the principal note which it secured; that the amount found to be due be decreed to be a valid first lien upon the premises, and if the defendants or some of them failed to pay the amount found due the plaintiff that the premises be sold to satisfy the amount. Though the title of one of the defendants

was assailed the request to set aside the deed was incidental to the attempt to obtain a certificate of redemption, which was to be followed by other relief not necessarily involving a freehold. The amount found to be due upon the foreclosure of the first trust deed was in excess of $50,000. The amount of the indebtedness under the junior trust deed was about $5000 and the issue did not relate to the clearing of the entire indebtedness nor the immediate vesting or divesting of title. The mere fact that there is a request to set aside a deed as an incident to obtaining other relief in which a freehold is not necessarily involved is not in itself sufficient to warrant a direct appeal to this court. (*LaSha* v. *Benham*, 354 Ill. 501; *Watson* v. *Willerton*, 337 id. 359; *Scanlon* v. *Beebe*, 335 id. 400; *Lennartz* v. *Boddie*, 304 id. 484; *Biggins* v. *Lambert*, 204 id. 142; *Diggins* v. *Axtell*, 266 id. 564.) To permit or require a direct appeal to this court the freehold must be directly and not collaterally, contingently or incidentally involved. (*Swinson* v. *Sodaman*, 369 Ill. 442; *Johnson* v. *Hefferan*, 365 id. 359; *Schmitt* v. *Wright*, 357 id. 509.) Even if the plaintiff eventually might be in a position to claim or acquire the freehold the mere right to do that which in equity will, under certain circumstances, entitle one to a freehold is not sufficient to authorize a direct appeal to this court. *Lennartz* v. *Boddie, supra; Johnson* v. *Hefferan, supra.*

Whether the complaint as amended states a good cause of action in its entirety, or some of the allegations are sufficient to require an answer, are questions proper for the consideration of the Appellate Court. Though the defendants are willing to have this court review the case jurisdiction of the subject matter on appeal cannot be conferred by consent and the court will of its own motion transfer the cause. (*National Bank of the Republic* v. *168 Adams Street Building Corp.* 359 Ill. 27; *Blodgett* v. *Blodgett*, 343 id. 569.) Accordingly, the cause is transferred to the Appellate Court for the First District.

*Cause transferred.*