Milton H. Callner, Appellant, v. Samuel Greenberg et al., Appellees.

Gen. No. 41,072.

Heard in the third division of this court for the first district at the June term, 1939. ▬▬▬ Opinion filed April 10, 1940.

Levisohn & Levisohn, of Chicago, for appellant.

Morton C. Chesler, Morris L. Kilmnick and B. P. Traynor, all of Chicago, for appellees.

Mr. Justice Burke delivered the opinion of the court.

This case was appealed to the Supreme Court on the basis that a freehold was involved. That court transferred the case to this court, ruling that a freehold was not directly involved. (*Callner v. Greenberg,* 372 Ill. 176.)

Milton H. Callner filed an amended complaint to redeem from a sale of certain premises held on October 18, 1933, pursuant to a decree of foreclosure, and for other relief. The amended complaint alleges that Call-

ner, a second mortgagee, was joined by the bank (which, as trustee, instituted the foreclosure proceeding), not by his proper name but under the description of "Unknown Owners"; that his address and the fact that he was the holder of junior trust deed notes were both known to the officers and agents of the trustee bank, and the attempted service of notice on him by publication under the designation of an unknown owner was fraudulent; that an order was entered defaulting unknown owners, a decree of sale entered and the premises sold; that Callner did not learn of these proceedings nor of the sale until August 15, 1937, and was prevented from redeeming, although he was ready, able and willing to have done so. The amount of the indebtedness found to be due the complainant foreclosing the first true deed was $51,235.99. The premises were sold for $8,500. Certain facts were alleged in support of the charge of fraud with respect to the failure to give Callner proper notice and the plaintiff offered to pay, and tendered in open court, $8,500 with interest from October 18, 1933, the date of the sale pursuant to the foreclosure decree. The prayer of the complaint was that the master in chancery be directed to execute an instrument evidencing the redemption and to register the same in the office of the registrar of titles of Cook county; that the certificate of sale issued by the master in chancery in the foreclosure proceeding be set aside, vacated and delivered to the master to be canceled, and for the foreclosure of the junior trust deed, and for general relief. The amount of the indebtedness under the junior trust deed was about $5,000, which it is alleged remains unpaid. Three of the defendants moved to strike the amended complaint and to dismiss the cause for want of equity. The court allowed the motion and an order was accordingly entered, to reverse which this appeal is prosecuted.

Plaintiff insists that as he was a defendant in the foreclosure suit, he had a right to redeem from the sale

in that suit on October 18, 1933, by paying the sum at which the premises were sold and interest thereon, under the provisions of sec. 18, ch. 77, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 107.168]. He asserts that he was deprived of his statutory right to redeem within 12 months from the date of sale by the fraudulent conduct of the defendants in falsely describing him as "Unknown Owners," and by making him defendant under that name, although they knew plaintiff to be the owner of the second mortgage notes, and knew his address; that consequently no summons was served on him and he had no knowledge of the foreclosure suit until a short time prior to the filing of the instant complaint, and until after the expiration of the statutory period of redemption. Section 18 provides that "Any defendant . . . may . . . within twelve months from said sale, redeem the real estate so sold by paying to the purchaser thereof, . . . or to the sheriff or master in chancery, . . . the sum of money for which the premises were sold or bid off, with interest thereon at the rate of six per centum per annum from the time of such sale, whereupon such sale and certificate shall be null and void." He argues that as he was the owner and holder of the second mortgage papers he was a defendant not by his proper name, but by the name and description of "Unknown Owners," and that by not making him a party under his proper name and serving him with summons, the defendants committed a fraud and thereby prevented him from exercising his statutory right of redemption by paying the amount for which the property was sold under the first mortgage, plus interest, on or before October 18, 1934.

Defendants' motion to dismiss admits the allegations that are well pleaded. In our opinion, there are sufficient allegations of fact in the complaint, as amended, to show that the defendants herein described the owner of the second mortgage papers as "unknown owners" when they knew at the time that the plaintiff

was the holder and owner thereof. The opinion in the case of *Graham v. O'Connor*, 350 Ill. 36, contains an excellent discussion of the requisites for obtaining jurisdiction over "unknown owners." It points out that an honest and well-directed effort must be made to ascertain the names and addresses of unknown parties, and that the inquiry must be as full as the circumstances of the particular situation will permit. The opinion also states that "it necessarily follows that the court did not acquire jurisdiction over the complainants by constructive service based upon false affidavits." Defendants state that the complaint does not contain sufficient allegations of fact to show fraud. They maintain, however, that even if the complaint contains sufficient allegations to show fraud, there is no authority for the proposition advanced by plaintiff that a redemptioner may be permitted to effect a statutory redemption long after the expiration of the statutory period of redemption simply because he was wrongfully made a party to a foreclosure suit as an "Unknown Owner." Defendants further argue that the effect of the alleged fraud is to vitiate the entire first mortgage proceedings so far as the plaintiff herein is concerned, leaving his rights unaffected by that foreclosure suit, and the decree and sale thereunder, just as if the foreclosure proceedings had not taken place, and that under the circumstances the right to redeem from the foreclosure sale under the statute is inapplicable, and that plaintiff's only and proper remedy is to redeem in equity from the mortgage debt. We agree with the contention of defendants that under the authority of *Graham v. O'Connor, supra,* and assuming the allegations of plaintiff to be true, that all proceedings had in the foreclosure action so far as the plaintiff herein is concerned, are null and void, and do not affect the right of the plaintiff herein to redeem in equity. Plaintiff herein, not being bound by the pro-

ceedings in the foreclosure case, stands in the same position as if he had not been made a party to that case. As pointed out in *Rodman v. Quick,* 211 Ill. 546:

"The distinction must be kept in mind between a statutory redemption, which is from the sale and not from the mortgage, and the equitable redemption established by the courts, in which the redemption is from the mortgage and not from any sale, and out of which springs the rule that the redemptor must do equity and pay all that is due under the mortgage, which may exceed the amount of the sale, and which may, in some cases, include not only the debt and interest, but taxes, repairs and betterments made and paid by a mortgagee who has entered for condition broken, . . . and in reduction of which such mortgagee in possession may, in most cases, be required to account for rents and profits of the premises actually received or that could have been received by the exercise of reasonable care and diligence." In the case of *Walker v. Warner,* 179 Ill. 16, where the grantee of the mortgaged premises was not made a party to the foreclosure suit, the court said (p. 24): "Although the grantee of the mortgagor, who is not a party, is not affected, yet his interest, which remains the same, is only a right to redeem. By the foreclosure and sale and the master's deed thereunder, the legal title becomes vested in the grantee in such deed, and leaves nothing in the mortgagor, or his grantees, who are not parties to the proceeding, except the right to redeem in equity. Inasmuch as the interest of the grantee of the mortgagor, who is not made a party to the foreclosure, is merely a right of redemption, the right which he has is an equitable one, and must be asserted in a court of equity."

Defendants maintain that as a condition precedent to any relief, plaintiff must first offer to redeem in equity. Plaintiff herein declares that he is not re-

quired, as a condition to relief, to offer to redeem from the entire first mortgage, and that to do so would enable defendants to profit by their own fraud. He also states that he is only required to redeem by tendering the statutory amount, which he does in his amended complaint. He further states that if he has any right to redeem, his failure to offer a particular amount does not warrant a dismissal for want of equity; that the proper amount can be determined on the final hearing, and that if any part of plaintiff's complaint states a cause of action it is error to dismiss it, as the complaint contains a prayer for general relief. A careful examination of the record and briefs filed by plaintiff convinces us that plaintiff's case purports to be grounded on a statutory redemption by paying the amount for which the property was sold, plus 6 per cent interest from the date of the sale. Plaintiff herein insists on a statutory right of redemption. The first mortgage indebtedness was $51,235.99. Plaintiff offers to redeem from the foreclosure sale by tendering the sum of $8,500, with interest at 6 per cent from October 18, 1933. While the plaintiff seeks to redeem under the statute, and not in equity, yet he does come into equity. When he comes into equity he must do equity. Although he desires to redeem according to the statute, nevertheless, in coming into equity, he is, in fact, seeking to redeem in equity. As he plainly indicates that he desires relief only if he is permitted to redeem by paying the $8,500 for which the property was sold, plus interest, he cannot maintain his complaint in equity, and the court was right in dismissing it. Therefore, the order of the circuit court of Cook county is affirmed.

*Order affirmed.*

DENIS E. SULLIVAN, P. J., and HEBEL, J., concur.