(No. 26655.—

VIRGINIA ZIEGLER *et al.,* Appellants, *vs.* ARTHUR PERBIX *et al.,* Appellees.

*Opinion filed September 21, 1942.*

M. J. BROWN and HERBERT W. DEY, for appellants.

L. C. ARNOLD, and VAUGHT, FOREMAN & CLEARY, (O. N. FOREMAN, and E. W. CLEARY, of counsel,) for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

June 24, 1930, Virginia Ziegler, and her husband, Arthur Ziegler, now deceased, were the owners of real estate in the city of Jacksonville, improved with a public garage and a residence building. Being indebted in the sum of $16,000 to the First State Trust and Savings Bank of Springfield, Illinois, they executed and delivered their mortgage as security therefor. Default having been made, on June 24, 1935, the date on which the last installment was due, the mortgagee instituted foreclosure proceedings in the circuit court of Morgan county. A decree of foreclosure was entered September 26, 1935, the mortgagors were ordered to pay the sum due within thirty days, the premises were advertised and, on October 26, 1935, sold to the mortgagee for $13,440. November 19, 1935, the sale was approved, a deficiency decree rendered against the mortgagors for $1494.44, and the Elliott State Bank appointed receiver. December 28, 1935, Arthur Ziegler conveyed all his interest to Virginia Ziegler, his wife. Pursuant to the sale to the mortgagee, a certificate of purchase was issued to it, and, on April 15, 1936, was assigned to Arthur Perbix and his wife, Myra. June 29, 1936, Virginia Ziegler conveyed her equity of redemption in the premises to her father, Charles H. Padgett. January 27, 1937, a master's deed was issued to Arthur and Myra Perbix. Charles H. Padgett died November 6, 1939, leaving him surviving as his only heirs-at-law the plaintiffs, Virginia Ziegler, Lillian Padgett and Ray Padgett, his children, and Doris Padgett, the only child of a deceased son. November 6, 1939, the date of Charles H. Padgett's death, and more than two years and nine months after the delivery of the master's deed to Perbix, plaintiffs filed in the circuit court of Morgan county their complaint seeking to set aside the master's deed and to be allowed to redeem from the foreclosure sale. By the first count of the complaint, plaintiffs prayed that the master's deed be set aside and that they, as heirs of Charles H.

Padgett, deceased, be allowed to redeem, or, in the alternative, that they be awarded damages against defendants Arthur Perbix, Myra Perbix, Elliott State Bank, as receiver, and Walter Bellatti, its attorney. The second count stated a cause of action by Lillian Padgett, as assignee of judgment creditors of the mortgagors, seeking similar relief against the same defendants. The parties concede that the cause of action stated in the third count charging an attorney with malpractice was abandoned. The master to whom the cause was referred recommended that the complaint be dismissed and the chancellor confirmed the master's report and on February 17, 1941, entered a decree dismissing plaintiffs' complaint for want of equity. March 8, 1941, plaintiffs filed their notice of appeal in the circuit court. March 15, 1941, they filed a *praecipe* for record and the same day filed their appeal bond. A transcript of proceedings was filed with the clerk of this court on May 14, 1941, eighty-six days after the entry of the final order in the circuit court. On the same day, namely, May 14, plaintiffs filed their brief and abstract. June 5, 1941, on motion of defendants, we dismissed the appeal for plaintiffs' failure to file their transcript within sixty days after notice of appeal was filed in the trial court. At the same term of court, on June 17, plaintiffs' motion to reconsider was denied. Subsequently, plaintiffs filed their petition for leave to appeal after the expiration of ninety days from the date the decree was entered, and within one year after its entry. Their petition was allowed on March 11, 1942, conformably to the provisions of section 76 of the Civil Practice act, as amended, effective July 21, 1941. Ill. Rev. Stat. 1941, chap. 110, par. 200.

Both in the circuit court and upon this appeal the principal ground urged to set aside the master's deed, and that plaintiffs be allowed to redeem, is that Virginia Ziegler, Charles H. Padgett and his heirs were fraudulently prevented by the holder of the certificate of purchase from

making a redemption from the foreclosure sale. Lillian Padgett, individually, as assignee of judgment creditors makes the same contention. Plaintiffs appealed directly to this court on the theory a freehold is involved. A freehold is involved in all cases where the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, and also in cases where the title to a freehold is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue. Here, the bill prayed that Arthur Perbix be enjoined from conveying or in any manner disposing of the property until the further order of the court; that the master's deed be declared null and void and that Perbix be ordered to show for whom he holds title; that Perbix holds title to the premises subject to the rights of the plaintiffs, and that he be directed to re-convey the premises upon payment by plaintiffs to Perbix, or the person for whom he holds title, of such amount as the court may determine is equitably and justly due them, or either of them, by reason of the purchase of the premises at the sale; and that the defendant, Arthur Perbix, be ordered to account to plaintiffs for all rents, profits and issues received by him from the premises. As an alternative prayer, plaintiffs asked that money judgments be rendered in their favor and against some of the defendants. The only controversy between the parties was as to the asserted right of redemption. The chancellor found that no such right existed. Had the prayer of the complaint been granted, plaintiffs would merely have been given the right to redeem from the sale. The setting aside of the deed is merely incidental to the right of redemption sought by the complaint, and has no bearing upon the real controversy between the parties. (*Callner* v. *Greenberg,* 372 Ill. 176; *Lennartz* v. *Boddie,* 304 id. 484; *Diggins* v. *Axtell,* 266 id. 564.) The gain or loss of a freehold would not be the necessary result of the decree but would depend upon the subsequent act of the party

whose right to redeem was determined. A decree in favor of a party claiming a right of redemption merely establishes his right to redeem, of which he may or may not avail himself, and it does not involve a freehold. *Wright* v. *Logan,* 364 Ill. 33; *Lennartz* v. *Boddie, supra; Diggins* v. *Axtell, supra.*

When an appeal is taken to either the Supreme or Appellate Court and it is adjudged that the cause was wrongly appealed to such court, the transcript and all files therein with the order of transfer shall be transmitted to the clerk of the proper court, and on the receipt of such record, the clerk shall at once file the same and the cause shall then proceed as if it had been taken there from the inferior court. Ill. Rev. Stat. 1941, chap. 110, par. 210, sec. 86, p. 2432.

Accordingly, the appeal is transferred to the Appellate Court for the Third District.            *Cause transferred.*