(No. 30092.— )

TILLIE BROOKS, Admx., *et al.,* Appellants, *vs.* JOHN SALOY *et al.,* Appellees.

*Opinion filed Sept. 18, 1947—Rehearing denied November 17, 1947.*

MURPHY, C. J., dissenting.

BERNARD ALLEN FRIED, of Chicago, for appellants.

MILTON M. ADELMAN, and JAMES W. MILNE, both of Chicago, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Appellants filed their complaint in the circuit court of Cook County seeking to have the court find title to certain premises in them and the stockholders of Mammoth Garage Corporation, at the date of its dissolution, and then partition the property between the parties. They also prayed for an accounting and further relief.

The complaint alleged that prior to March 23, 1935, the Clifton Garage Corporation was the owner of certain

real estate situated in the city of Chicago, and that on March 23, 1935, the corporation was reorganized under the provisions of section 77-B of the Bankruptcy Act; that as a result of the reorganization, the stockholders of the Clifton Garage Corporation surrendered their stock and received 125 shares of the stock of the new corporation, bondholders receiving 1150 shares; that on November 27, 1935, the Mammoth Garage Corporation was created as the successor, with 1275 shares outstanding. It further alleged, among other things, that on June 29, 1939, judgment was obtained against the successor corporation in the municipal court of Chicago in the sum of $3104, in favor of one Lewis A. Smith; that by virtue of the judgment the property was sold, and on April 10, 1941, the bailiff executed a deed to the premises, by virtue of the levy, to one Clarence Del Vecchio. Appellants also alleged that the deed of the bailiff of the municipal court is a cloud on the title and should be removed, and that an accounting should be had; that the Mammoth Garage Corporation was dissolved by the order of the Attorney General of the State of Illinois on January 6, 1944, and that the title to the property of the corporation descended to its stockholders as tenants in common. Appellants further alleged that Hattie Shapiro was the owner of 25 shares of the common stock of the Mammoth Garage Corporation, and that plaintiffs are the heirs-at-law and next of kin of Hattie Shapiro, deceased, and as tenants in common are the owners of the undivided 25/1275 interest in the property, and that this proceeding is brought for and on behalf of all the stockholders of the corporation to quiet title, sell the property and make distribution. Allegations are also made by appellants that certain of the defendants entered into conspiracy to acquire the property for their own use and benefit.

Appellants in their complaint pray that the bailiff's deed be set aside as a cloud on the title; that the court find the

title to the premises in them and the stockholders of the Mammoth Garage Corporation at the date of its dissolution; that an accounting be had, and that a partition of the property be had by the former stockholders of the Mammoth Garage Corporation as tenants in common.

A motion was made by certain of the defendants to strike the complaint, which motion was overruled. Subsequent to this, appellants filed an amendment to the complaint urging additional reasons why the sale made by the bailiff of the municipal court was void, to which certain of the defendants filed their motion to strike the amended complaint. Appellees urged, among other things, that the complaint failed to set forth any cause of action and that there was no showing in the complaint that the plaintiffs have any right to bring the suit. The lower court sustained the motion to strike the amendment to the complaint and further ordered that the motion to strike be carried back to the original complaint, that the motion to strike the complaint be sustained, and that the complaint be dismissed for want of equity. From this order dismissing their complaint appellants appeal to this court.

Appellees contend that there is no freehold here involved, and that therefore this appeal was improperly taken to this court. It is urged that appellants' interest in the real estate has not been shown, and that there was no showing that appellants had acquired the interest of Hattie Shapiro, deceased. Appellants, on the other hand, contend that a freehold is involved because the purpose of the suit is to set aside a sale of real estate. Appellants cite the case of *Rabbitt* v. *Weber & Co.,* 297 Ill. 491. The case cited is authority for the general proposition that a freehold is involved in any case where the purpose of the suit is to set aside a sale of real estate. We are familiar with this rule of law, but the question here presented is whether appellants have shown such an interest in the real estate as to entitle them to maintain their suit. The com-

plaint leaves the interest of appellants speculative instead of certain. It appears that the interest of appellants in the property involved is contingent upon the happening of certain events. It is alleged that Hattie Shapiro, deceased, was the owner of twenty-five shares of stock in the successor corporation and that appellants are her next of kin and heirs-at-law. One of the appellants is the administratrix of the estate of Hattie Shapiro, deceased. The interest presumably having been acquired by descent, the question of indebtedness and other questions involving the estate are matters of conjecture.

Appellants' interest in the property as tenants in common with other former stockholders of the corporation is a matter that is contingent upon appellants being able to prove their ownership of the interest of Hattie Shapiro, their ancestor. In other words, the question of appellants' right to some interest in the property and of their right to question the validity of the bailiff's deed may never be reached. The question as to a freehold must be directly involved and not merely collaterally or contingently involved in order to give jurisdiction of a direct appeal to this court. (*Schmitt* v. *Wright,* 357 Ill. 509.) It appears here that the interest of appellants in the property in question is certainly contingent upon their being able to prove their ownership of some interest. Even if appellants eventually might be in a position to claim some interest in the freehold, the mere right to do that which in equity will, under certain circumstances, entitle one to a freehold is not sufficient to authorize a direct appeal to this court. *Callner* v. *Greenberg,* 372 Ill. 176.

The mere fact that appellants have sought to put the title to the land in issue by their complaint does not require this court to take jurisdiction if a decree upon the proper pleadings in the case may be entered without affecting the freehold. Moreover, if one or more of the claims made in appellants' complaint are proper for the consid-

eration of a court of equity, a decision favorable to appellants might only require the defendants, who joined in a motion to dismiss, to answer the complaint the same as upon overruling a demurrer. *Johnson* v. *Hefferan,* 365 Ill. 359.

Appellees have interposed several defenses in their motion to strike. We are not passing upon the questions raised by appellees in their motion. Whether the complaint as amended states a good cause of action is a question properly to be considered by the Appellate Court. *Callner* v. *Greenberg,* 372 Ill. 176.

Upon the pleadings as presented here for review no freehold is involved, and no other proper grounds being shown giving this court jurisdiction on direct appeal, the cause is transferred to the Appellate Court for the First District. *Cause transferred.*

Mr. CHIEF JUSTICE MURPHY, dissenting.