(No. 31222.—Cause transferred.)

C. L. KRAMER, Appellee, *vs.* STELLA GINGER *et al.*—(JAMES GINGER *et al.,* Appellants.)

*Opinion filed January 18, 1950.*

LITSINGER, GATENBEY & SPULLER, of Chicago, (ANDREW W. GATENBEY, and JOHN D. CLANCY, JR., of counsel,) for appellants.

WOLFF, KEANE & GOMBERG, of Chicago, (GEORGE M. KEANE, and ALBERT A. GOMBERG, of counsel,) for appellee.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County striking on motion appellants' amended petition which sought to set aside a decree and sale in foreclosure entered while they were in military service. Petitioners also prayed that their amended petition stand as their answer in the foreclosure suit.

The amended petition alleges that a certain lot in the city of Chicago was owned in joint tenancy by appel-

lants' parents, Stella Jendrzejek and Frank Jendrzejek, also known by the surname of Ginger; that on or about March 14, 1929, their parents executed a promissory note for $5000 due three years after date, and to secure the payment of said note executed a trust deed covering the premises in question; that thereafter, July 5, 1933, Frank Ginger and Stella Ginger were divorced and the divorce decree directed that Stella Ginger convey all of her right, title and interest in the premises to Frank Ginger, but that an actual conveyance, in compliance with the decree, had never been made; that thereafter, February 3, 1937, Frank Ginger died, intestate, leaving appellants and three other children as his sole heirs at law; that by virtue of the law of descent the heirs-at-law of Frank Ginger became vested with title to his real estate. The amended petition further alleges that appellants both entered military service; that while they were in service appellee filed a proceeding to foreclose the lien of the trust deed given by appellants' parents; that the premises covered by said trust deed were sold to satisfy the indebtedness and appellee became the purchaser at the foreclosure sale on September 7, 1945, at which time both appellants were in military service; that subsequently a master's deed was issued to appellee on January 23, 1947, which was not recorded until October 14, 1947; that more than a year later, on December 1, 1948, appellee for the first time demanded rent from the defendant, Sylvia Ginger, a sister of appellants, who occupied the premises covered by the trust deed; that appellants first learned of the foreclosure proceedings on January 4, 1949, when advised by their sister of the demand for rent; that no affidavit concerning the military service of appellants was filed in the foreclosure proceeding in compliance with the Soldiers' and Sailors' Civil Relief Act, although an affidavit was filed showing that the defendant, Sylvia Ginger, a sister of appellants, was not in military service. It is also alleged in the amended petition that the

foreclosure proceedings showed on their face that the indebtedness secured by the trust deed matured on March 14, 1932, and that the foreclosure proceedings were not filed until more than ten years thereafter, on December 19, 1944, and that the cause of action to foreclose the lien of said trust deed was barred by the Statute of Limitations; that appellants could not avail themselves of this defense because they did not have any notice of the pendency of the foreclosure proceedings, or the entry of the decree thereunder until on January 4, 1949, when informed by their sister, Sylvia Ginger, that appellee had demanded the payment of rent from her on December 1, 1948.

Appellants' petition was filed on January 25, 1949, less than thirty days after they allege they first learned of the foreclosure proceedings. The prayer of the petition was that the decree of sale be set aside; that the decree confirming the sale be vacated and set aside; and that the petition filed be permitted to stand as an answer to the original complaint. A further prayer of the petition was that the court order Stella Ginger to comply with the decree entered in the divorce suit directing conveyance of the premises to their father, Frank Ginger.

Appellee filed a motion to strike this petition on the grounds that said petition was not filed within ninety days after the termination of military service by appellants; that the appellants had been guilty of *laches* in not commencing proceedings to set aside the decree for approximately three years after they had terminated their military service; and for the further reason that appellants did not allege that they had any legal or equitable interest in the real estate which was sold in the foreclosure proceedings.

The amended petition seems to be a petition in the nature of a bill of review impeaching the foreclosure decree sought to be set aside for fraud or mistake in ignoring appellants' military status before the entry of a default decree in the foreclosure proceedings, which resulted in the

sale of premises in which appellants claim an equitable interest. It is not apparent how this court has jurisdiction. A freehold does not appear to be involved in this appeal. A freehold is involved in all cases where the necessary result of the judgment or decree is that one party gains and the other party loses a freehold estate, and also in cases where the title to a freehold is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue. (*Ziegler* v. *Perbix,* 380 Ill. 264.) Here, the petition prayed that the decree of sale in the foreclosure proceeding be set aside, that the decree confirming the sale be vacated and set aside, and that the petition stand as an answer to the original complaint in the foreclosure proceeding. A further prayer was that one of the defendants be compelled to comply with a former decree in another suit, whereby she was directed to make conveyance of the premises in question.

The only controversy between the parties concerns the right of appellants to defend in the foreclosure proceedings. The setting aside of the master's deed would be merely incidental to the right to defend in the original suit to foreclose the trust deed, and does not involve a freehold. (*Callner* v. *Greenberg,* 372 Ill. 176; *Lennartz* v. *Boddie,* 304 Ill. 484.) Had the prayer of the petition been granted, appellants would merely have been given the right to interpose a defense in the foreclosure proceedings. This does not involve a freehold, and this court does not have jurisdiction to entertain the appeal. *Ziegler* v. *Perbix,* 380 Ill. 264; *Davis* v. *Oliver,* 371 Ill. 287; *Kronenberger* v. *Heinemann,* 190 Ill. 17; *Wilkinson* v. *Gage,* 133 Ill. 137.

No ground of appeal to this court is suggested in the briefs of either appellants or appellee. The cause is accordingly transferred to the Appellate Court for the First District.                                *Cause transferred.*